# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-19-00423-CV

---

**Alex E. Jones; lnfowars, LLC; and Free Speech Systems, LLC, Appellants**

**v.**

**Scarlett Lewis, Appellee**

---

### FROM THE 98TH DISTRICT COURT OF TRAVIS COUNTY
### NO. D-1-GN-18-006623, THE HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Appellants Alex E. Jones; Infowars, LLC; and Free Speech Systems, LLC, appeal from the district court's order denying their motion to dismiss under section 27.003 of the Texas Citizens Participation Act (TCPA). *See* Tex. Civ. Prac. & Rem. Code § 27.003.[1] We will affirm the district court's denial of Appellants' motion to dismiss.

---

[1] In this opinion, citations to the TCPA are to the version in effect before the September 2019 amendments became effective. *See* Act of May 21, 2011, 82nd Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961, 961–64 (current version at Tex. Civ. Prac. & Rem. Code §§ 27.001–.011), amended by Act of May 24, 2013, 83rd Leg., R.S., ch. 1042, §§ 1–3, 5, 2013 Tex. Gen. Laws 2499, 2499–500 (the version at issue in this opinion); *see also* Act of May 20, 2019, 86th Leg., R.S., H.B. 2730, §§ 1–9 (the 2019 amendments); Act of May 20, 2019, 86th Leg., R.S., H.B. 2730, §§ 11–12 (providing that a suit filed before the amendments become effective "is governed by the law in effect immediately before that date").

## BACKGROUND

Scarlett Lewis's son was killed in the Sandy Hook Elementary School shooting in December 2012. Lewis sued Appellants in October 2018 for intentional infliction of emotional distress (IIED) related to Appellants' statements in multiple broadcasts disputing whether the shooting that killed Lewis's son really occurred. Appellants filed a motion to dismiss Lewis's claim under the TCPA. Lewis sought limited discovery relating to the motion to dismiss, and the district court entered orders in January and March directing Appellants to respond to Lewis's discovery requests. Because Appellants did not timely respond, the district court held a hearing on a Motion for Sanctions on April 3. At that hearing, Robert Barnes, one of the attorneys for Appellants, agreed to withdraw most of his TCPA motion to dismiss in lieu of turning over the documents. He agreed that the motion would be reduced to a single legal question: "we'll only dispute whether or not someone can bring an intentional infliction of emotional distress claim when they have never been individually identified by any statement." The hearing continued:

> THE COURT: You're going to limit your motion to dismiss to a pure question of law whether such a claim can be brought as an intentional infliction claim under the law.

> MR. BARNES: Yes, Your Honor.

> THE COURT: And you will concede today, and you are for the record, that for the purpose of deciding the motion to dismiss the Court can assume that the statements made by Alex Jones were done with malice, that is to say, he knew they were false and said them anyway.

> MR. BARNES: We're not disputing the intent issue as to this motion, that's correct, Your Honor.

2

THE COURT: So he intended to make false statements. The question is, can you take that intent to make false statements and can an individual bring a claim for intentional infliction on those facts?

MR. BARNES: Precisely, Your Honor. In other words, if the case is -- when someone has not been personally mentioned -- in the defamation context they call it colloquium, which the word colloquial comes from. And if no statement is ever made about that person, can that person bring a claim for defamation or intentional infliction of emotional distress when they have never been mentioned? That --

THE COURT: Well, what you're saying now means they don't even need to put on any affidavits or anything on the hearing on March -- on May 2nd; they just need to make legal briefing.

MR. BARNES: Precisely. That's correct, Your Honor.

THE COURT: And it'll be granted or denied based upon that legal argument.

MR. BARNES: Precisely.

Counsel explained that he intended for his clients to make this concession "from the get-go" but was precluded from doing so because although he was working closely with Appellants' Texas attorney, he could not make the concession until his motion to be admitted pro hac vice was granted. Barnes confirmed at several points that the sole issue in the TCPA motion to dismiss is whether an IIED claimant must be identified individually in order to recover:

THE COURT: It's going to be a pure legal argument on May 2nd whether this claim, assuming everything they say is true --

MR. BARNES: Absolutely.

THE COURT: -- assuming every factual allegation made by the plaintiffs is true, they cannot bring this claim as a matter of law as an intentional infliction of

emotional distress claim. I'm sure the answer to this is going to be yes. That would mean if that's – that's true as to all defendants. So they don't need to worry anymore either about the failure of the defendants to present an InfoWars corporate representative who has a clue about InfoWars as a corporation.

MR. BARNES: That's correct, Your Honor.

THE COURT: Because you heard me say, golly, if they prevail as to the other defendants, you shouldn't be able to kick out InfoWars because they haven't been able to get information about InfoWars.

MR. BARNES: That's correct, Your Honor.

THE COURT: But that's taken care of because it's subsumed within the concession, the broad concession you made earlier.

MR. BARNES: Yes, Your Honor.

Lewis's counsel agreed to forgo pursuit of much of the motion for sanctions based on Barnes's agreement to limit the scope of the motion to dismiss. Barnes further asserted that the TCPA motion to dismiss was the right vehicle to present this purely legal question because, unlike a summary judgment, a ruling on the TCPA motion would allow the parties to appeal and settle the legal issue without the parties first having to go to trial. At the subsequent hearing on the motion to dismiss, the district court again conferred with Barnes, who confirmed his belief that the only claim Lewis could bring was for IIED. Barnes further confirmed that he had agreed to treat the facts of Lewis's pleadings as true, including that all Appellants acted as a joint venture, joint enterprise, single business enterprise, or alter ego, and that the sole question is whether an IIED claim "must specify an individual."

The district court denied the motion to dismiss. On appeal, Appellants challenge the district court's order denying the motion to dismiss.

4

**ANALYSIS**

"Reviewing a TCPA motion to dismiss requires a three-step analysis." *Youngkin v. Hines*, 546 S.W.3d 675, 679 (Tex. 2018). As a threshold matter, the moving party must show by a preponderance of the evidence that the TCPA properly applies to the legal action against it. Tex. Civ. Prac. & Rem. Code § 27.005(b). If the moving party meets that burden, the nonmoving party must establish "by clear and specific evidence a prima facie case for each essential element of the claim in question." *Id.* § 27.005(c). If the nonmoving party satisfies that requirement, the burden shift backs to the moving party to prove each essential element of any valid defense by a preponderance of the evidence. *Id.* § 27.005(d).

"In determining whether a legal action should be dismissed under [the TCPA], the court shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." Tex. Civ. Prac. & Rem. Code § 27.006(a). We review de novo whether each party carried its assigned burden. *Long Canyon Phase II & III Homeowners Ass'n v. Cashion*, 517 S.W.3d 212, 217 (Tex. App.—Austin 2017, no pet.).

The parties do not dispute that the TCPA applies to this suit. Based on the parties' agreement, the sole issue before the district court was whether Lewis can maintain a claim for IIED without having been individually identified by Appellants in their broadcasts. As a result, that is also the sole issue before this Court, and we do not address other arguments raised on appeal. *See id.* at 218 (noting that potential bases for reversal on appeal were limited based on the TCPA movant's withdrawal of a portion of its motion during the dismissal hearing). Appellants assert that Lewis cannot maintain an action for IIED because she was not individually named in any of the broadcasts of which she complains.

Texas has adopted "the tort of intentional infliction of emotional distress as set out in in § 46 (1) of the Restatement (Second) of Torts." *Twyman v. Twyman*, 855 S.W.2d 619, 621-22 (Tex. 1993). Section 46 (1) provides:

> (1) One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.

Restatement (Second) of Torts § 46 (1) (1965). Based on the Restatement, the Texas Supreme Court has held that to recover for IIED, "a plaintiff must prove that 1) the defendant acted intentionally or recklessly, 2) the conduct was 'extreme and outrageous,' 3) the actions of the defendant caused the plaintiff emotional distress, and 4) the resulting emotional distress was severe." *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998). The elements of IIED as laid out in these authorities do not expressly include a requirement that the intentional or reckless extreme and outrageous conduct be inflicted upon a person who is individually named. *See Johnson v. Standard Fruit & Vegetable Co.*, 984 S.W.2d 633, 639-40 (Tex. App.—Houston [1st Dist.] 1997), *rev'd on other grounds*, 985 S.W.2d 62) (declining to create a new element for IIED requiring conduct to be "directed at a particular individual"). However, Appellants rely on defamation cases, including *New York Times Co. v. Sullivan*, 376 U.S. 254, 288 (1964), to assert that a plaintiff in any civil tort action must show that the defamatory statements were "of and concerning" the plaintiff. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 624 (Tex. 2018) (considering a defamation claim and noting that statement need not refer to the plaintiff by name if people who are acquainted with the plaintiff reasonably understand from reading the statement that it referred to the plaintiff); *Levine v. Steve*

6

*Scharn Custom Homes, Inc.*, 448 S.W.3d 637, 654 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (considering group libel and stating, "if a statement refers to all members of a small group, then individuals within that group can maintain a defamation claim"). Thus, Appellants assert that for Lewis to prevail on her IIED claim, the statements alleged to constitute Appellants' extreme and outrageous conduct must be "of and concerning" Lewis. Given the posture of this case, wherein the parties have agreed for the purposes of the TCPA motion that Appellants intentionally or recklessly made false statements that members of Appellants' audience believed to be true, we note that protections for speech that contains a verifiably false assertion of fact may be less stringent than speech that conveys an opinion. *See Holloway v. American Media, Inc.*, 947 F. Supp. 2d 1252, 1263-64 (N.D. Ala. 2013) (analyzing Supreme Court precedent and stating, "The cases discussed above instruct that while false speech often must be tolerated in order to foster the free exchange of ideas so integral to our constitutional values, there remain limits upon the right to publish false statements that injure an individual. Those limits appear to be drawn with respect to whether the statements published purport to convey facts (as distinct from opinions) . . . . At the same time, it is clear that the torts of defamation and of intentional infliction are separate and distinct.").

The uncontroverted statements that form the basis of Lewis's complaint dispute whether the events at Sandy Hook occurred or were part of an elaborate hoax: Jones stated that the shooting at Sandy Hook was "as phony as a three-dollar bill." Some of Appellants' statements refer to parents of other children killed at Sandy Hook. For example, Jones refers to one father as "one of the reported fathers of the victims . . . doing classic acting training." Jones shows a video of another mother being interviewed and asserts that the interview is occurring on a green screen rather than at the school. Another Infowars reporter says of another parent, "He's

claiming that he held his son and saw the bullet hole in his head. That is his claim. Now, according to a timeline of events and a coroner's testimony, that is not possible." Jones also made statements concerning all of the parents of children who were killed at Sandy Hook, including:

> So, if children were lost at Sandy Hook, my heart goes out to each and every one of those parents. And the people who say they're parents that I see on the news. The only problem is, I've watched a lot of soap operas. And I've seen actors before. And I know when I'm watching a movie and when I'm watching something real.

This statement, and some of the broadcasts as a whole, could be understood to accuse parents of Sandy Hook victims of either being untruthful about the manner in which their children were killed or being untruthful about whether their children were killed at all. Because the statements at issue apply to parents of Sandy Hook victims, the class of potential plaintiffs is limited and readily identifiable from the multitude of sources reporting the identities of the victims. Assuming that IIED claims involving statements require a showing that those statements are "of and concerning" the plaintiff we conclude that Lewis has presented the minimum quantum of clear and specific evidence necessary to support a rational inference that she has done so. *See Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App—Austin 2015, no pet.) ("A prima facie standard generally 'requires only the minimum quantum of evidence necessary to support a rational inference that the allegation of fact is true.'").

**CONCLUSION**

Having concluded that Lewis established by clear and specific evidence a prima facie case for the sole disputed element of her IIED claim, we affirm the district court's denial of Appellants' motion to dismiss.

_____

Gisela D. Triana, Justice

Before Chief Justice Rose, Justices Triana and Kelly

Affirmed

Filed: October 11, 2019